OPINION
{¶ 1} This accelerated appeal arises from the Portage County Municipal Court, Ravenna Division, wherein appellant, Richard A. Seitz, was charged with aggravated menacing and domestic violence.
 {¶ 2} Kathy Barnett ("Barnett") and appellant had been divorced for approximately eight years at the time of the incident. There were three children born of the marriage. The oldest son, Ricky, lived with appellant, while the two younger children, Tommy and Mandy, lived with Barnett. The two younger children had scheduled visitation with appellant every weekend.
 {¶ 3} On Friday, April 28, 2000, the oldest child, Ricky, called Barnett from appellant's home and told her she had to come and pick up the two younger children that night because appellant wanted to leave for the evening. Barnett claimed she had no babysitter and she had to work over the weekend, so she refused to pick up the children. On Sunday, April 30, 2000, at approximately 9:00 p.m., Barnett drove to appellant's home in Deerfield to pick up the children on her way home from work. Barnett pulled into appellant's driveway and waited in the car for the children to emerge from appellant's home. Tommy came out first and got in the back seat of Barnett's car. While Barnett waited for Mandy to come out, appellant emerged, appearing very angry.
 {¶ 4} Appellant approached the driver's side window, which was rolled up. Tommy told his mother to roll down the window so appellant could talk to her. As Barnett rolled down the window, appellant began yelling at her, claiming she ruined his weekend for not picking up the children. Barnett contended that she had to work and had no babysitter. According to Barnett, appellant then reached into the car, struck Barnett in the face, and then laughed, telling her he hoped he broke her nose. As Barnett rolled up the window she told appellant she was going to press charges. Appellant replied, "[g]o ahead and I'll kill you."
 {¶ 5} Barnett went straight home after the incident, claiming that she was tired from work and the children had to get up for school the next morning. The following day, after getting the children off to school, Barnett went to the Portage County Sheriff's Office to report the incident. She talked with Deputy Alvin Sweet, wrote out a statement, and signed a complaint against appellant.
 {¶ 6} On May 1, 2000, a criminal complaint was filed against appellant for aggravated menacing and domestic violence. On May 2, 2000, the court issued a temporary protection order for Barnett.
 {¶ 7} The matter proceeded to a jury trial on December 11, 2000. The jury found appellant guilty of both charges. Appellant moved for an extension of time to file a motion for a new trial on December 29, 2000. After several continuances requested by appellant, a hearing on the motion for a new trial was held on September 19, 2001, at which time his motion was denied.
 {¶ 8} Appellant was subsequently sentenced to one hundred eighty days in jail and given a $100 fine, plus costs. The jail time was suspended on the condition that appellant have no contact with Barnett and no violations of law for two years. The sentence was then stayed pending this appeal.
 {¶ 9} Appellant sets forth three assignments of error. Appellant's first assignment of error is:
 {¶ 10} "The trial court erred to the prejudice of defendant, by allowing the testimony of the complaining witness on numerous matters, both with and without objection by counsel."
 {¶ 11} Appellant contends that the trial court erred in allowing Barnett to testify to prior bad acts of appellant. Specifically, appellant argues that Barnett should not have been permitted to testify to prior dropped charges against appellant filed by Barnett, prior acts of violence on Barnett perpetrated by appellant, an alleged attempted break-in into Barnett's home by appellant and, lastly, the fact that appellant owns guns.
 {¶ 12} Regarding a reviewing court's standard of review, "[t]he trial court has broad discretion in the admission of evidence, and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, an appellate court should not disturb the decision of the trial court."[1]
 {¶ 13} At trial, during cross-examination by defense counsel, Barnett testified that she had filed charges against appellant in the past but had dropped them. The question posed by defense counsel was, "[d]oes that mean that you have filed charges on Mr. Seitz before?" Barnett responded in the affirmative. Defense counsel then asked the follow-up question, "[a]nd since you've offered that, has he ever been found guilty on any of the charges that you have filed?" Barnett responded that she always dropped the charges. Defense counsel apparently posed the questions in an attempt to cast doubt on her present testimony and demonstrate that she was again "crying wolf" in filing the current complaint.
 {¶ 14} There was never any objection to Barnett's responses by defense counsel, and, as such, appellant waives all but plain error.[2]
The Supreme Court of Ohio has applied a three-prong test for recognizing plain error.[3] First, there must be an error or a deviation from a legal rule.[4] Second, the error must be plain, meaning it must be an obvious defect in the trial proceedings.[5] Third, the error must have affected the outcome of the trial.[6] Moreover, even if the error meets each the three prongs, the reviewing court is not required to correct the error.[7] Reviewing courts may notice plain error "`with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'"[8]
 {¶ 15} In the instant case, the testimony regarding the prior charges was elicited by defense counsel as part of a valid trial strategy that did not affect the outcome of the trial. Thus, Barnett's testimony regarding the filing of previous charges against appellant does not meet the plain error standard.
 {¶ 16} Appellant also argues that Barnett's testimony on direct examination regarding prior acts of violence against her by appellant was improperly admitted. In response to questioning as to what she felt when appellant told her he would kill her if she filed a complaint she stated, "[t]hat this is going to be the last time he is going to do this to me. I mean, he used to hit me a lot when we were married[.]" The trial court then sustained an objection by defense counsel and the jury was instructed to disregard the testimony. This court will presume that the jury followed the court's curative instruction.[9]
 {¶ 17} Appellant contends that the trial court erred in admitting Barnett's testimony regarding an attempted break-in of her home by appellant. On cross-examination, the following exchange occurred:
 {¶ 18} "Q: "*** What evidence do you have that would indicate that he would — he posed a threat of doing physical — serious physical harm to members of your immediate family?
 {¶ 19} "A: "Well, number one, he threatened my life in front of my kids, and number two — I know you don't want to hear it from the past, but he's done it in the past where I've had the police come to my door and said they saw somebody trying to break — come in my back door, and I didn't know what was going on. I was sitting there in the living room, and when he told me a neighbor reported it — They gave his car description with his license plate, saying he's trying to get in my back door, and I don't even know he is doing it. That tells me a lot."
 {¶ 20} Defense counsel did not move to strike Barnett's response and, thus, waives all but plain error. Immediately after eliciting this response, defense counsel began questioning Barnett about whether appellant was ever charged with anything as a result of the attempted break-in and whether he was ever found guilty of any "post-divorce incidents."
 {¶ 21} Under the plain error analysis, Barnett's testimony did not constitute error. The follow-up questions were posed in order to further demonstrate that, although Barnett claimed appellant posed a threat to her, he was never charged or found guilty of any criminal conduct in the past. This is a valid trial strategy. The reference to the prior attempted break-in for which appellant was never charged did not affect the outcome of the present trial.
 {¶ 22} Lastly, appellant contends that the trial court erred by admitting Barnett's testimony regarding the guns owned by appellant. On direct examination, Barnett was asked, "[w]ell, when he said he was going to kill you, did you feel as though you were in any danger?" To which she responded, "[y]es. I know. Yeah. He's got guns." An objection by defense counsel was then overruled. Barnett then testified that appellant had the guns while they were married and that she believed he still had them because "he never wanted to part with them before."
 {¶ 23} Barnett's testimony that she knew appellant had guns when they were married and that he most likely still owned them today is admissible testimony. The fact that appellant had guns was highly relevant to the aggravated menacing charge and the probative value of this testimony is outweighed by any prejudice to appellant. The testimony also is relevant to establishing Barnett's state of mind. Specifically, establishing that Barnett was in fear of actual physical harm as she was aware that appellant owned guns.
 {¶ 24} Appellant has not demonstrated that the trial court abused its discretion in admitting into evidence Barnett's testimony. Thus, appellant's first assignment of error is without merit.
 {¶ 25} Appellant's second assignment of error is:
 {¶ 26} "The trial court erred, to the prejudice of defendant, by allowing the deputy sheriff to testify to numerous hearsay statements made to him by the complaining witness."
 {¶ 27} Appellant contends that the trial court erred when it permitted the testimony of Deputy Alvin Sweet of the Portage County Sheriff's Department relating to statements made to Deputy Sweet by Barnett when she filed her statement. On direct examination, the prosecution asked Deputy Sweet, "[i]In this particular incident, what did she tell you had happened?" to which Deputy Sweet responded, "[s]he said her *** ex-husband allegedly slapped her in the face."
 {¶ 28} Later on direct examination, the prosecution asked, "[o]kay. Now, when she was talking to you and telling you about the incident, did she describe anything that might be considered as an injury?" Deputy Sweet responded, "[s]he said she was hit in the facial area by the nose in which she had had a broken nose in the past." At that time, an objection by defense counsel was overruled.
 {¶ 29} Later, Deputy Sweet was asked if Barnett had described what her nose felt like after appellant struck her, and he responded, "[s]he said that she had had a broken nose from him in the past, and it felt as though the same — to be the same. She thought she may have broken it again." Deputy Sweet also testified on direct that Barnett told him that she was smacked by appellant, and that appellant had pointed a gun in her face in the past.
 {¶ 30} During cross-examination of Barnett, defense counsel introduced both the police incident report written by Deputy Sweet and Barnett's written statement into evidence. Both exhibits were used to challenge Barnett's testimony regarding the type of injury she suffered during the incident. Barnett's written statement includes an account of the incident including the fact that Barnett thought appellant had broken her nose. The statement reads, "[h]e had previously broken my nose before and I thought he did it again."
 {¶ 31} Barnett also testified as to what she told Deputy Sweet. Defense counsel had the opportunity to cross-examine her and challenge the veracity of her statements. Deputy Sweet's testimony regarding Barnett's injuries was nearly identical to the testimony elicited from Barnett on cross-examination and that which was included within Barnett's written statement introduced into evidence by the defense.
 {¶ 32} We find the trial court did not err in permitting Deputy Sweet to testify regarding Barnett's statements to him about her injuries. Nearly identical testimony was elicited from Barnett during cross-examination and again was already introduced into evidence by the defense via Barnett's written statement. Thus, Deputy Sweet's testimony was both corroborative and cumulative in nature and, as such, the absence of his testimony would not have affected the trial outcome.
 {¶ 33} Appellant also takes issue with testimony by Deputy Sweet as to what charges the prosecutor told him to file in this case. The only reference in the record is when Deputy Sweet testified, "[h]e advised me of the charges to be filed." This statement is not hearsay as defined in Evid.R. 801(A). Defense counsel never objected to the testimony. Moreover, appellant has not demonstrated how this testimony is prejudicial to him. Thus, the trial court did not abuse its discretion in admitting this testimony as it is not hearsay and is not prejudicial in nature.
 {¶ 34} Finally, appellant argues that the trial court erred in permitting Deputy Sweet to testify about appellant pointing a gun at Barnett's face in the past. A review of the record reveals that, on cross-examination, defense counsel was referring to Deputy Sweet's written report and asked the following question, "[n]ow, in your statement it says that she was scared of him, because he was [sic] pointed a gun in her face before. Do you see where you wrote that?" Deputy Sweet then responded in the affirmative. Defense counsel continued questioning Deputy Sweet, attempting to challenge the Sheriff Department's policy on issuing warrants based on victim statements without independent investigation, noting that Barnett told Deputy Sweet about the gun incident in the past but did not include it in her own written statement. The defense elicited the testimony and, as such, made no objection to it or Deputy Sweet's responses. This attempt at disparaging the Sheriff Department's policies was not an unreasonable trial strategy and the trial court did not err in permitting the testimony.
 {¶ 35} The testimony of Deputy Sweet regarding Barnett's account of her physical injuries was harmless error as it was already made part of the record when defense counsel introduced her written statement and the incident report into evidence. Deputy Sweet's testimony regarding what charges the prosecutor told him to file was not inadmissible hearsay. Finally, the statement concerning whether appellant had pointed a gun at Barnett in the past, made by defense counsel, was part of a valid trial strategy, designed to call into question the Sheriff Department's policy on filing charges based on a victim's testimony without independent investigation. Thus, appellant's second assignment of error is without merit.
 {¶ 36} Appellant's third assignment of error is:
 {¶ 37} "Counsel for defendant was incompetent in his trial presentation."
 {¶ 38} Appellant argues his trial counsel was ineffective for failing to object to the testimony cited in his previous two assignments of error.
 {¶ 39} To establish a claim for ineffective assistance of counsel, appellant must show that trial counsel's performance fell below an "objective standard of reasonable representation" and that appellant was prejudiced by trial counsel's performance.[10] There is a strong presumption that counsel provided reasonable assistance.[11]
 {¶ 40} As noted above, defense counsel implemented a valid trial strategy which included attempting to challenge Barnett's credibility by demonstrating that she had filed charges against appellant in the past, he was never convicted and had a history of "crying wolf" and was doing the same in bringing the current charges. Defense counsel also attempted to disparage the Sheriff Department's policies on issuing warrants with little or no independent investigation. Thus, appellant has failed to show, pursuant to Bradley, that trial counsel's performance fell below an "objective standard of representation." Moreover, appellant has not demonstrated that he was prejudiced by trial counsel's performance.
 {¶ 41} Defense counsel pursued a valid trial strategy that ultimately was not successful and appellant's claim of ineffective assistance of counsel is without merit.
 {¶ 42} The judgment of the trial court is affirmed.
DONALD R. FORD, J., concurs.
DIANE V. GRENDELL, J., concurs in judgment only.
[1] State v. Issa (2001), 93 Ohio St.3d 49, 64.
[2] State v. Hartman (2001), 93 Ohio St.3d 274, 281, citing State v.Childs (1968), 14 Ohio St.2d 56, 62.
[3] State v. Barnes, 94 Ohio St.3d 21, 27, 2002-Ohio-68.
[4] Id., citing State v. Hill (2001), 92 Ohio St.3d 191, 200.
[5] Id., citing State v. Sanders (2001), 92 Ohio St.3d 245, 257.
[6] Id., citing State v. Hill, at 205.
[7] Barnes, at 27.
[8] State v. Hill, at 196, quoting State v. Long (1978),53 Ohio St.2d 91, paragraph three of the syllabus.
[9] State v. Davie (1997), 80 Ohio St.3d 311, 317, citing State v.DePew (1988), 38 Ohio St.3d 275, 284.
[10] State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus, following Strickland v. Washington (1984), 466 U.S. 68.
[11] Bradley, at 143.